UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Jasmine Bernard Austion,<br><br>　　　　Defendant | Case No.: 2:22-cr-00010-JAD-MDC<br><br>**Order Denying Motion to Vacate Sentence and Motion for Compassionate Release**<br><br>[ECF Nos. 67, 68] |

Defendant Jasmine Austion is serving a roughly 11-year sentence for bank robbery. He moves to vacate his sentence under 28 U.S.C. § 2255 or for compassionate release under 18 U.S.C. § 3582, arguing that he was "over sentenced" because he believes the 2023 amendments to the sentencing guidelines removed the career-offender enhancement.[1] His counsel at the Federal Public Defender's office, appointed under General Order 2020-6, filed a notice that additional supplementation for his compassionate-release motion was unnecessary.[2] The government responds that the updated definition of robbery as a crime of violence does not impact Austion's designation as a career offender.[3] Because the amended sentencing guidelines do not affect Austion's career-offender designation and are thus not an extraordinary and compelling reason to reduce or vacate his sentence, I deny his motion for compassionate release. I also summarily deny his § 2255 because it fails to state a claim as a matter of law.

---

[1] ECF Nos. 67, 68.

[2] ECF No. 71 (notice of non-supplementation).

[3] ECF No. 72 at 4.

**Discussion**

A sentencing court's ability to modify or reduce a sentence once it's imposed is seriously limited.[4] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[5] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the Bureau of Prisons (BOP) to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request.[6] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[7]

The Ninth Circuit previously held in *United States v. Aruda* that the Sentencing Commission's policy statement for compassionate release was "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."[8] The court's decision was grounded in the text of the policy statement, which only referenced motions filed by the BOP.[9] The Sentencing Commission promulgated amendments to the guidelines in 2023 that explicitly applied its compassionate-release policy statement to motions filed by defendants.[10] Based on this recent amendment to the sentencing guidelines, the Ninth Circuit's decision in

---

[4] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[5] The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[6] 18 U.S.C. § 3582(c)(1)(A)(i).

[7] *Id.*

[8] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[9] *Id.* at 801.

[10] U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

*Aruda* no longer applies, and a defendant must now show extraordinary and compelling reasons for release that are consistent with the guideline's policy statement.[11]

### A.  Amendment 822 of the new sentencing guidelines is not an extraordinary or compelling reason to reduce Austion's sentence.

Austion requests compassionate release from his 135-month sentence, arguing that the new sentencing guidelines removed the career-offender designation in United States Sentencing Guideline § 4B1.[12] He contends that because he was sentenced under the old guidelines as a career offender, he is entitled to a reduced sentence or immediate release.[13] The government responds that § 4B1.1 was not amended.[14] But in an abundance of caution, it reassessed Austion's predicate offenses and confirmed that they would still be considered crimes of violence under the amended definition found in § 4B1.2.[15]

#### *1.  A nonretroactive amendment to the guidelines is not a justification for early release.*

The Sentencing Commission's new policy statement provides six extraordinary and compelling reasons that may warrant a sentence reduction.[16] It also clarifies that "a change in the law (including an amendment to the Guidelines Manuel that has not been made retroactive)" is not a reason to award compassionate release absent a separate extraordinary or compelling

---

[11] U.S.S.G. § 1B1.13.
[12] *Id.* at 5.
[13] *Id.*
[14] ECF No. 72 at 4.
[15] *Id.*
[16] U.S.S.G. § 1B1.13.

3

reason aligned with the policy statement.[17]  Austion bases his argument for early release on a nonretroactive update to the sentencing guidelines.[18]  Because the Commission's policy statement explicitly rejects this reason as an extraordinary and compelling one for release, I cannot reduce his sentence under § 3582(c)(1)(A).

    **2.**  ***The amendment to the career-offender guidelines***

    Even if the policy statement excluded the "change in the law" provision that dooms Austion's compassionate-release motion, he would still be ineligible for a sentence reduction because he remains a career offender.  Under the sentencing guidelines, a defendant qualifies for a career-offender enhancement if he is at least 18 years old at the time of the instant offense, the instant offense is a qualifying felony, and he had at least two prior qualifying felony convictions.[19]  A felony is a qualifying one if it's a crime of violence under § 4B1.2(a)(1) (the force clause) or § 4B1.2(a)(2) (the enumerated-offenses clause).  The force clause defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," and the enumerated-offenses clause lists robbery as a qualifying crime of violence.[20]

    The recent changes to the sentencing guidelines went into effect on November 1, 2023, and the update to the career-offender provision is known commonly as Amendment 822.[21]  The

---

[17] U.S.S.G. § 1B1.13(c).

[18] *See* § U.S.S.G. 1B1.10(d) (providing a list of amendments that may be given retroactive effect).  A court may not reduce a sentence if "none of the amendments listed in subsection (d) [are] applicable to the defendant." U.S.S.G. 1B1.10, comment 1(A).

[19] U.S.S.G. § 4B1.1(a).

[20] U.S.S.G. § 4B1.2(a).

[21] U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

4

only change arguably relevant to Austion's conviction is the addition of a definition of robbery under the enumerated-offenses clause.[22]  Robbery is now defined to include "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force or violence, or fear of injury, immediate or future, to his person or property."[23]

Austion doesn't argue that his instant or prior convictions no longer qualify as crimes of violence because of § 4B1.2's new definition of robbery.  He instead argues that the career-offender guidelines no longer exist, which is just not true.  Those guidelines remain in effect and in substantially the same form as they existed when Austion was sentenced.  I could deny his motion on that basis alone, but out of an abundance of caution, I consider whether the new robbery definition would alter Austion's career-offender status.  I find that it does not.

### *3.   Austion's instant offense is a crime of violence under the force clause.*

Austion was convicted of three counts of bank robbery under 18 U.S.C. § 2113(a),[24] which requires that the defendant take property or money "by force or violence, or by intimidation" to be found guilty of the offense.[25]  The Ninth Circuit held in *United States v. Selfa*

---

[22] *Id.* at 58–59.

[23] U.S.S.G. § 4B1.2(e)(3).  This amendment corrected an unintended outcome of the 2016 amendments to the sentencing guidelines that compelled every circuit court to conclude that robbery was not a crime of violence under the guidelines. U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines*, 58–59 (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf; *United States v. Prigan*, 8 F.4th 1115 (9th Cir. 2021).

[24] ECF No. 57 (amended judgment).

[25] The statute states: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a).

5

that § 2113(a) bank-robbery offenses qualify as crimes of violence under § 4B1.2's force clause.[26] The court reasoned that "intimidation" in the context of § 2113(a) means that the defendant placed his victim not just in fear generally, but fear of "bodily harm"—in other words, a threat of "physical force against" his person.[27] Because Aution was convicted of bank robbery under § 2113(a), his instant conviction qualifies as a crime of violence under the force clause. Amendment 822's robbery definition has no impact on that conclusion, as it defines an offense in the alternative enumerated-offense clause. A crime need only fall under one of § 4B1.2's crime-of-violence provisions, and Aution's clearly falls under the force clause.

### 4. *Aution's prior offenses are both crimes of violence.*

In Aution's presentence report, probation concluded that his 2011 bank-robbery conviction and his 2019 inflict-corporal-injury conviction constituted prior violent felony convictions under § 4B1.2.[28] He was convicted of bank robbery under the same statue as his instant offense, § 2113(a), which constitutes a crime of violence as previously discussed.[29] And his 2019 offense was a conviction under California's domestic-violence statute, which requires an element of force sufficient to be considered a crime of violence under the force clause.[30] At sentencing, all parties agreed that Aution "qualifie[d] as a career offender."[31] So because

---

[26] *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that "persons convicted of robbing a bank 'by force and violence' and 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1").

[27] *Id.*

[28] Presentence Investigation Report at ¶¶ 66, 79.

[29] *Id.* at ¶ 66.

[30] *Id.* at ¶ 79; Cal. Penal Code § 273.5 ("Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim . . . is guilty of a felony."); *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010) (finding that Cal. Penal Code § 273.5 "categorically falls within the scope of a 'crime of violence'" under the force clause).

[31] ECF No. 59 at 10–11.

Austion's instant offense and both prior offenses constitute crimes of violence under § 4B1.2, he is considered a career offender under the amended sentencing guidelines.  The recent amendments are thus not an extraordinary or compelling reason to reduce his sentence under § 3582(c)(1)(A).  And because I do not find an extraordinary or compelling reason for release, I need not and do not consider the factors in 18 U.S.C. § 3553(a).

**B.    Austion's petition for habeas relief is not cognizable under § 2255.**

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[32]  If the court so finds, it must "vacate and set the judgment aside and . . . discharge the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear appropriate."[33]  A prisoner filing a claim for federal habeas relief under § 2255 is entitled to service upon the United States Attorney and an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[34]  No evidentiary hearing is warranted if the petitioner's "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[35]

---

[32] 28 U.S.C. § 2255(a).

[33] *Id.* at § 2255(b).

[34] *Id.*; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

[35] *Id.* (cleaned up).  I find this motion suitable for resolution without an evidentiary hearing.

7

Austion moves for immediate release under § 2255, asserting identical grounds for relief as he raises in his compassionate-release motion.[36] But Austion's claim is not cognizable under this statute. "Although collateral review under section 2255 is [] quite broad, it does not encompass all claimed errors in sentencing."[37] A petitioner must allege a constitutional error or a lack of jurisdiction. "[A]n error of law will not provide a basis for habeas relief unless that error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure."[38] As discussed supra, Austion's contention that he should be released in light of the new sentencing guidelines lacks merit because those amendments don't affect his sentence. But even if they did, Austion's arguments do not involve allegations of constitutional or jurisdictional error. And "failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice."[39] So I deny his § 2255 motion because it does not state a claim for relief. And because no reasonable jurist would find this conclusion debatable or wrong, I deny Austion a certificate of appealability.[40]

**Conclusion**

IT IS THEREFORE ORDERED that Jasmine Austion's § 2255 motions to vacate his sentence **[ECF No. 67]** and for compassionate release **[ECF No. 68] are DENIED** with prejudice.

---

[36] ECF No. 67.

[37] *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (cleaned up).

[38] *Id.* at 763–64 (quoting *States v. Timmreck*, 441 U.S. 780, 783 (1979) (cleaned up).

[39] *Id.* at 764.

[40] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

IT IS FURTHER ORDERED that **the Clerk of Court is directed to enter a separate judgment on the docket** reflecting the fact that the court denies Auston's § 2255 motion. **The Clerk of Court is also directed to file this order and the separate civil judgment in the related civil case**: 2:24-cv-00578-JAD. A certificate of appealability is **DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
June 28, 2024